UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MARTINSON,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF SACRAMENTO, *et al.*,<br><br>    Defendants. | Case No. 2:21-cv-02130-DAD-JDP (PS)<br><br>ORDER |

    In November 2021, plaintiff filed a complaint and paid the required filing fee. None of the defendants have appeared, and plaintiff initially failed to file proofs of service demonstrating that defendants were properly served. Accordingly, I ordered plaintiff to show cause why this action should not be dismissed for failure to effect proper service of process within the time prescribed in Federal Rule of Civil Procedure 4(m). ECF No. 8. Plaintiff responded to that order, stating that "Defendant was served on June 30th 2022 by a process server." ECF No. 9. He also submitted a proof of service for one of the defendants, City of Sacramento, reflecting that a copy of the summons and complaint was delivered to the Sacramento City Attorney's Office on June 3, 2023. *Id*. at 2.

    As an initial matter, plaintiff's filing indicates that defendant City of Sacramento was not properly served. Under Federal Rule 4(j)(2)(A), a governmental organization can be served by "delivering a copy of the summons and of the complaint to its chief executive officer."

1

Alternatively, service can be effected in the manner prescribed by California law. *See* Fed. R. Civ. P. 4(j)(2)(B). Under California law, a government agency can be served by delivering a copy of the summons and complaint to "the clerk, secretary, president, presiding officer, or other head of its governing body" or by mailing a copy of the summons and complaint to the person to be served, with two copies of the Notice and Acknowledgment of Receipt of Summons and Complaint (the "Acknowledgment") and a pre-paid return envelope. *See* Cal. Code Civ. Proc. §§ 415.30, 416.50.

The proof of service plaintiff filed states the process server served "Office of the City Attorney" at 915 I Street 4th Floor on June 2, 2022. ECF No. 9 at 2. However, that manner of serve is improper; it does not identify the specific individual who accepted service, and it is does not indicate that the complaint and summons were delivered to a person with authority to accept service on behalf of defendant City of Sacramento. *See Rockwell v. Tuolumne Cnty., California*, No. 1:22-CV-00392-JLT-EPG, 2022 WL 2752391, at *2 (E.D. Cal. July 14, 2022) (finding that the plaintiff had not effectuated proper service since the proofs of service did not "describe the address where service occurred on Defendants, and the descriptions of the individuals served are unclear as to their identities, positions, and authority to accept service on behalf of Defendants"); *Bratton v. U.S. Bank Nat'l Ass'n*, No. CV 09-2049 PSG (SSx), 2009 WL 10675941, at *2 (C.D. Cal. July 28, 2009) (finding that proof of service was deficient because it did not list title of person served). As for the three individual defendants, plaintiff has not shown that he even attempted to serve them.

Given that plaintiff attempted to serve at least one defendant, and considering his pro se status, I will grant him a brief extension of time to properly serve each defendant and file with the court the proofs of service as required by Rule 4(*l*).

Accordingly, it is hereby ORDERED that:

1. Plaintiff is granted thirty days to properly serve each defendant and file with the court proofs of service demonstrating that defendants were properly served.

2. Plaintiff is warned that failure to comply with this order will result in a recommendation that this action be dismissed without prejudice for failure to effect proper services of process.

IT IS SO ORDERED.

Dated: ___June 14, 2023___          _____
                                    JEREMY D. PETERSON
                                    UNITED STATES MAGISTRATE JUDGE