UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT MARTINSON,

Plaintiff,

v.

CITY OF SACRAMENTO, *et al.*,

Defendants.

Case No. 2:21-cv-2130-DAD-JDP (PS)

ORDER; FINDINGS AND RECOMMENDATIONS

Plaintiff Robert Martinson, proceeding pro se, initiated this action against defendants City of Sacramento, chief of police Daniel Hahn, detective Joe Ellis, and detective Todd Culp for allegedly violating his constitutional rights in effectuating a vehicle stop and searching his property. Defendants now move for summary judgment. For the reasons stated below, I recommend that defendants' motion be granted in part and denied in part.

**Background**

In June 2019, Sacramento Police Department ("SPD") officers obtained a warrant to search multiple properties and arrest multiple individuals in connection with a homicide investigation. ECF No. 32-2 at 27. One such property, located in Placer County, was owned by plaintiff. *Id.* at 32. SPD officers believed that a murder suspect, Michael Huddleston, would be encountered at plaintiff's property. *Id.* at 32-33. Plaintiff asserts that, at this time, Huddleston was engaged to his daughter and had been known to spend the night at plaintiff's property. ECF

No. 39 at 4.

The Placer County Sheriff's Office was asked to help execute the search warrant at plaintiff's property. ECF No. 32-2 at 76. Just prior to the warrant's execution, SPD officers observed plaintiff's vehicle driving near the property. *Id*. at 89, 94. SPD officers stopped the vehicle and, after identifying plaintiff, detained him while the search warrant was executed. *Id*. at 89, 93-94. After being transferred to a nearby fire station, plaintiff voluntarily offered information about Huddleston and left on his own accord. *Id*. at 90-91, 93-94.

Shortly after plaintiff was stopped in his vehicle, officers executed the search warrant at plaintiff's property, where they encountered Huddleston and additional occupants, including plaintiff's family. *Id*. at 78. The police arrested Huddleston. *Id*. The police also seized certain items belonging to Huddleston, including his wallet and backpack. *Id*. at 88.

**Procedural History**

Plaintiff initiated this action in November 2021, bringing a sole claim for violation of his constitutional rights under 42 U.S.C. § 1983. ECF No. 1. Pursuant to the parties' stipulations, I extended fact discovery to January 5, 2026, and discovery motions to December 11, 2025. *See* ECF Nos. 29 & 31.

On February 4, 2026, defendants filed a motion for summary judgment. ECF No. 32. Plaintiff was required to file an opposition or statement of non-opposition by February 18, 2026. *See* Local Rule 230(c). Plaintiff did not make a filing by that deadline. On February 25, 2026, plaintiff filed a motion for extension of time to file an opposition to defendants' motion. ECF No. 33. Plaintiff asserted that the basis for an extension was that he recently "underwent full knee replacement surgery," which limited "his ability to adequately prepare legal filings." ECF No. 33-1 at 1. Finding good cause, I granted plaintiff's motion for extension of time, and I afforded plaintiff until April 16, 2026, to file an opposition or statement of non-opposition to defendants' motion. ECF No. 34. Plaintiff did not make a filing by that deadline.

On April 23, 2026, plaintiff filed a declaration stating that he is "unable to formulate an opposition to Defendant's Motion for Summary Judgment because Defendant has deliberately withheld mandatory discovery." ECF No. 39 at 1. Specifically, plaintiff asserts that although he

has received a copy of the search warrant itself, he seeks the affidavit filed in support of the application for the search warrant. *Id*. at 1-2. Plaintiff demonstrates that he requested during discovery the "[s]earch warrant as presented to judicial officer (including but not limited to, all declarations, exhibits, investigation reports, data, documents identifying vehicles)." *Id*. at 17. Defendants responded to that request on May 23, 2024, stating that they objected "on the grounds that [the request] seeks information which is privileged and ordered sealed by the Superior Court of California in Sacramento County." *Id*. Plaintiff did not file a motion to compel following defendants' response.

Plaintiff does not explain his delay in asserting a need for further discovery. Plaintiff had years to conduct discovery, and he was most recently informed that any discovery motion needed to be filed by December 11, 2025. *See* ECF No. 31. Neither stipulation submitted by the parties referenced plaintiff's demands for further discovery regarding the affidavit filed in support of the application for the search warrant. *See* ECF Nos. 28 & 30. Moreover, in plaintiff's motion for extension of time filed February 25, 2026, after defendants moved for summary judgment, plaintiff did not mention a need to re-open discovery; rather, he stated that he needed more time because he was recovering from knee replacement surgery. *See* ECF No. 33-1 at 1. Instead, it appears that plaintiff has brought this discovery matter to the court's attention for the first time nearly two years after defendants objected to his request for the affidavit—and over four months after discovery motion practice closed, over three months after fact discovery closed, and over two months after defendants filed their motion. *See* ECF Nos. 31 & 32. To the extent that plaintiff moves under Federal Rule of Civil Procedure 56(d) for additional discovery, such motion is denied because he has not diligently pursued discovery. *See Pfingston v. Ronan Eng'g Co.*, 284 F.3d 999, 1005 (9th Cir. 2002) ("The failure to conduct discovery diligently is grounds for the denial of a Rule 56([d)] motion.); *Mackey v. Pioneer Nat. Bank*, 867 F.2d 520, 524 (9th Cir. 1989) ("A movant cannot complain if it fails diligently to pursue discovery before summary judgment.").

On April 30, 2026, defendants filed a reply in support of their motion. ECF No. 41. On May 4, 2026, plaintiff filed another declaration asserting his request for discovery of the affidavit.

ECF No. 43. Two days later, plaintiff filed a motion to strike defendants' answer and enter default against them on the basis that defendants did not provide the affidavit. ECF No. 44. Defendants have filed an opposition to plaintiff's motion. ECF No. 48. Plaintiff moves under Federal Rule of Civil Procedure 37, which allows for discovery sanctions such as striking a pleading or "rendering a default judgment against the disobedient party." *See* Fed. R. Civ. P. 37(b)(2)(A); ECF No. 44 at 16. However, such sanctions are appropriate only where a party "fails to obey an *order* to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A) (emphasis added). Plaintiff does not allege that defendants have violated a court order. Rather, as noted, he asserts that they objected to his request for production of the affidavit. Accordingly, plaintiff's motion to strike and enter default, ECF No. 44, will be denied. *See Christmas v. MERS*, No. 2:09-cv-1389-RLH-GWF, 2010 WL 11930351, at *1 (D. Nev. Apr. 22, 2010) (denying the motion to strike the answer and enter default where the defendants did not disobey a court order but rather declined to produce a document requested by the plaintiff).

Lastly, plaintiff has filed two requests for judicial notice of prior filings from this action. ECF Nos. 45 & 46. Because the court need not take judicial notice of such filings in order to consider them, these requests are denied.

**Legal Standard**

Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Washington Mutual Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011). An issue of fact is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, while a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1436 (9th Cir. 1987).

Each party's position must be supported by: (1) citations to particular portions of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) argument showing that the materials cited do not establish the presence or absence of a genuine factual dispute or that the opposing party cannot produce admissible evidence to support

its position. *See* Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The court may consider other materials in the record not cited by the parties, but it is not required to do so. *See* Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

"The moving party initially bears the burden of proving the absence of a genuine issue of material fact." *In re Oracle Corp. Secs. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

If the moving party meets this initial burden, the burden then shifts to the non-moving party "to designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle*, 627 F.3d at 387 (citing *Celotex Corp.*, 477 U.S. at 323). "[A] district court has no independent duty 'to scour the record in search of a genuine issue of triable fact,' and may 'rely on the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment.'" *Simmons*, 609 F.3d at 1017 (quoting *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996)). Moreover, the non-moving party must "show more than the mere existence of a scintilla of evidence." *In re Oracle*, 627 F.3d at 387 (citing *Anderson*, 477 U.S. at 252). However, the non-moving party is not required to establish a material issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Electrical Serv., Inc. v. Pacific Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987).

The court must apply standards consistent with Rule 56 to determine whether the moving party has demonstrated there to be no genuine issue of material fact and that judgment is appropriate as a matter of law. *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). "[A] court ruling on a motion for summary judgment may not engage in credibility determinations or the weighing of evidence." *Manley v. Rowley*, 847 F.3d 705, 711 (9th Cir.

2017) (citation omitted). The evidence must be viewed "in the light most favorable to the nonmoving party" and "all justifiable inferences" must be drawn in favor of the nonmoving party. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002); *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

**Analysis**

In his complaint, plaintiff alleges that police searched his property and pulled over his vehicle unlawfully. ECF No. 1 at 5. He brings a single claim under Section 1983, which provides that a "person," acting under the color of state law, is liable for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." *See id.* at 3; 42 U.S.C. § 1983. I address plaintiff's claim as it relates to the search of his property before discussing the vehicle stop.

A judge will sign a search warrant if "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Greenstreet v. Cnty. of San Bernardino*, 41 F.3d 1306, 1309 (9th Cir. 1994) (cleaned up). Here, a judge at the Sacramento County Superior Court signed the search warrant that authorized law enforcement to search plaintiff's property. ECF No. 32-2 at 27-35. Plaintiff provides no evidence or argument indicating that police did not have a warrant to search his property. Instead, plaintiff's sole argument appears to be that Huddleston did not reside at his property. ECF No. 39 at 3.

A police detective submitted an affidavit that set forth probable cause that plaintiff's property was searchable for Huddleston and identified seizable items. ECF No. 32-2 at 27. Plaintiff acknowledges that, at the time the search was executed, Huddleston was engaged to his daughter, who resided at his property. ECF No. 39 at 4. Plaintiff also asserts that Huddleston had slept at his property the night before the search warrant was executed. *Id.* And, as noted, law enforcement encountered Huddleston at plaintiff's property. ECF No. 32-2 at 78. Plaintiff provides no evidence supporting his argument that Huddleston did not reside at plaintiff's property.[1] However, even if plaintiff established that Huddleston resided at a different address at

[1] Plaintiff asserts that SPD "had actual knowledge and proof that [Huddleston] resided" at a different address. ECF No. 39 at 3. However, his proffered evidence does not specify when

the time of the search warrant, he does not explain how that fact alone would render the search warrant unlawful such that the search violated his constitutional rights. This is especially the case given plaintiff's concession that Huddleston was known to be present at plaintiff's property, which supports the judge's finding of probable cause that plaintiff's property was searchable for Huddleston and seizable items.

Plaintiff presents no other argument against summary judgment as to the search of his property, nor does he identify any other evidence. Plaintiff therefore has failed to carry his burden "to designate specific facts demonstrating the existence of genuine issues for trial." *See In re Oracle*, 627 F.3d at 387. As such, defendants are entitled to judgment as to plaintiff's claim that the search of his property violated his constitutional rights.

Regarding the vehicle stop, "a police officer may conduct an investigatory traffic stop if the officer has reasonable suspicion that a particular person has committed, is committing, or is about to commit a crime." *United States v. Choudhry*, 461 F.3d 1097, 1100 (9th Cir. 2006) (cleaned up). Defendants assert that prior to the execution of the search warrant, "officers noticed that a small, silver sedan was in the process of leaving the property, and immediately attempted to effectuate a stop of the vehicle . . . ." *See* ECF No. 32 at 7. However, defendants' proffered evidence contradicts that assertion.[2] SPD Sergeant Faria is heard radioing to officers that they had pulled plaintiff over in front of 770 Lozanos Road, Newcastle, CA 95658. ECF No. 32-2 at 93, 0:48. This address is approximately a three-mile drive from plaintiff's property. Moreover, officers are seen effectuating the vehicle stop while plaintiff is driving north on Lozanos Road, meaning that he was heading *towards* his property, not leaving it. *See* ECF No. 32-2 at 89. Indeed, plaintiff asserts that he had left his property that morning to get gas and was returning to his property when he was pulled over by SPD. *See* ECF No. 39 at 5.

---

SPD learned that Huddleston resided at this different address. *See* ECF No. 43 at 8. In fact, the evidence plaintiff relies upon states that it was printed in September 2023, which does not definitively establish Huddleston's address at the time of the search in June 2019. *See id.*

[2] Defendants submitted six camera videos without an accompanying affidavit to set forth how the videos support their statement of facts. *See* ECF No. 32-2 at 2.

Defendants present no evidence indicating that any officer witnessed plaintiff leaving the property. The court is left to wonder what, if any, reasonable suspicion led to plaintiff being pulled over. Accordingly, defendants have failed to carry their burden of producing evidence negating plaintiff's claim that the vehicle stop was unconstitutional. *See Nissan Fire*, 210 F.3d at 1102. Defendants' motion should therefore be denied as to plaintiff's claim that the vehicle stop violated his constitutional rights.

Defendants assert that this claim should nonetheless be dismissed because plaintiff has failed to join the Placer County Sheriff's Office who, as noted, helped execute the search warrant on plaintiff's property. ECF No. 32 at 10. Defendants cite Federal Rule of Civil Procedure 19, which provides that "[a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if in that person's absence, the court cannot accord complete relief among existing parties."[3] *See id.*; Fed. R. Civ. P. 19(a)(1). However, defendants' proffered evidence shows that SPD, not Placer County Sherriff's Office, effectuated the stop on plaintiff's vehicle. *See* ECF No. 32-2 at 93. Accordingly, defendants fail to explain how "the court cannot accord complete relief among existing parties" as to plaintiff's claim that the vehicle stop violated his constitutional rights. *See* Fed. R. Civ. P. 19(a)(1)(A).

Lastly, because I recommend that this action proceed past summary judgment, I will order the parties to schedule a settlement conference.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion to strike defendants' answer and enter default, ECF No. 44, is DENIED.

2. Within twenty-one days of this order's issuance, the parties shall contact Judge Peterson's Courtroom Deputy at ncannarozzi@caed.uscourts.gov with proposed dates for a settlement conference.

---

[3] The rule also requires joinder where "that person claims an interest relating to the subject of the action" and meets other qualifications. *See* Fed. R. Civ. P. 19(a)(1)(B). There is no evidence that Placer County Sherrif's Office has claimed "an interest relating to the subject" of this action. *See id.*

Further, it is RECOMMENDED that defendants' motion for summary judgment, ECF No. 32, be GRANTED in part and DENIED in part. Specifically, the motion should be granted as to plaintiff's claim that the search of his property violated his constitutional rights, and be denied as to plaintiff's claim that the vehicle stop violated his constitutional rights.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: July 24, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE