UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT MARTINSON,

Plaintiff,

v.

CITY OF SACRAMENTO, et al.,

Defendant.

No. 2:21-cv-02130-DAD-JDP PS

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART, GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT AND VACATING THE COURT'S SCHEDULING ORDER

(Doc. Nos. 32, 50)

Plaintiff Robert Martinson is proceeding *pro se* in the above-captioned civil rights action brought pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to Local Rule 302(c)(21).

On July 24, 2026, the assigned magistrate judge issued findings and recommendations recommending that defendants' motion for summary judgment (Doc. No. 32) be granted in part and denied in part. (Doc. No. 50.) Specifically, the magistrate judge concluded that defendants were entitled to summary judgment as to plaintiff's claim that their search of his property[1] violated his constitutional rights because plaintiff had failed to come forward with evidence on

[1] The evidence on summary judgment established that law enforcement obtained a warrant to search plaintiff's property for a murder suspect, as well as evidence related to the suspect, and that the suspect was engaged to plaintiff's daughter and was known to frequent and stay overnight at plaintiff's property. (Doc. No. 50 at 1–2, )

summary judgment that the warrant authorizing the search of his home was unlawfully obtained or that it's issuance violated his constitutional rights in any way. (*Id.* at 6–7.) Rather, the magistrate found that the evidence before the court on summary judgment established that probable cause existed for the issuance of a warrant authorizing a search of plaintiff's property for the murder suspect and for property related to that suspect constituting evidence of the murder under investigation. (*Id.*) On the other hand, the magistrate judge concluded that as to plaintiff's claim related to his vehicle stop by law enforcement, on summary judgment defendants' had failed to present evidence negating plaintiff's claim. (*Id.* at 7–8.)

The findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days of service. (*Id.* at 9.) On August 6, 2026 defendants filed their objections to the pending findings and recommendations. (Doc. No. 51.) On August 7, 2026, plaintiff filed his objections. (Doc. No. 52.)

In his objections plaintiff presents lengthy arguments that are in large part irrelevant and fail to address the pending findings and recommendations on their merits. (*Id.* at 1–10.) To the extent plaintiff addresses the findings and recommendations as to his unlawful search warrant claim, his arguments provide no basis upon which to reject the findings and recommendations.

In defendants' objections they argue that the court should not adopt the recommendation that summary judgment be denied in their favor as to plaintiff's claim that law enforcement officers unlawfully stopped the vehicle he was driving. (Doc. No. 51 at 2–3.) Specifically, defendants argue that plaintiff failed to allege in his complaint that any of the named defendants participated in the vehicle stop, failed to offer evidence on summary judgment of their involvement in the stop, and that the named defendants are also entitled to qualified immunity. (*Id.* at 2–5.)

Defendants' arguments presented in their objections are persuasive to some degree. Plaintiff did fail to allege in his complaint that the named officers, including the chief of police, were involved in any way in the decision to stop the vehicle he was driving. Nor has plaintiff presented in opposition to defendants' motion for summary judgment that the named defendants were involved in any way in that vehicle stop. However, these arguments advanced by

defendants for the first time on summary judgment could have been and should have been raised by way of a motion to dismiss. *See Sommers v. Okamoto*, No. 16-cv-00558 JMS-KJM, 2018 WL 3732662, at *1 (D. Haw. Aug. 6, 2018) ("Because the court determines that Defendants could have made the same arguments in a Motion to Dismiss as opposed to a Motion for Summary Judgment, the court construes Defendants' Motion as a Motion to Dismiss. And so construed, Plaintiff's Complaint is DISMISSED, with leave to amend."); Gonzales v. Shotgun Nevada Invs., LLC, No. 2:13-cv-00931-RCJ, 2013 WL 3944140, at *4 (D. Nev. July 30, 2013) (granting a motion for summary judgment deemed to be a motion to dismiss, with leave to amend). Moreover, here plaintiff has a plausible claim that the vehicle stop by law enforcement was carried out in violation of his constitutional rights, defendants' briefing in support of its motion for summary judgment as to this claim can, in the undersigned's view, be best characterized as lackluster and appears to have misrepresented crucial facts relating to the vehicle stop in question, and finally plaintiff is proceeding *pro se* in this action and may have been attempting to bring a municipal liability claim against the City under *Monell* or may well be able to otherwise cure the deficiencies in his complaint by alleging facts reflecting the participation of the named defendant officers, or other newly named officer defendants, in the vehicle stop. Defendants should not be allowed to deprive plaintiff of the opportunity to amend his complaint to cure these pleading deficiencies, and to state a cognizable claim against a named defendant, by sitting on these arguments attacking the sufficiency of the *pro se* plaintiff's complaint until summary judgment.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and proper analysis in part.

For the reasons explained above:

1. The findings and recommendations issued on July 24, 2026 (Doc. No. 50) are adopted in part;

/////

/////

2. Defendant's motion for summary judgment (Doc. No. 32) is granted as to plaintiff's claim related to the search warrant issued authorizing the search of his property;

3. Defendants' motion for summary judgment (Doc. No. 32) as to plaintiff's claim related to the stop of his vehicle, construed as a motion to dismiss, is granted with leave to amend;

4. Plaintiff shall file an amended complaint limited to his claim related to the vehicle stop, or a notice that he does not intend to do so, within twenty–one (21) days of the service of this order;

5. The court's scheduling order (Doc. No. 19) is vacated and an amended scheduling order will issue after plaintiff's filing of an amended complaint if appropriate; and

6. This action is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **September 29, 2026**

Dale A. Drozd
DALE A. DROZD
UNITED STATES DISTRICT JUDGE